Totten, J.,
delivered the opinion of the court.'
The defendant held two notes on plaintiff for about $700, money loaned. On the 13th January, 1840, this loan was settled by transfer to defendant of a note on one Williams, for $700, and the plaintiff’s note to defendant for $60, due at six months.
The note for $60 was in settlement of the interest account, and the plaintiff avers that the whole of it was for usury. The defendant denies this charge and insists that it was for legal interest, except $17.83, which he admits was usury. This is the issue in the case. • Suit was instituted on the note before Justice Sypert; a petition was filed before him by the plaintiff, Bumpass, charging the usury, with all its facts and circumstances, and calling on defendant Reams for discovery. He answered, and upon the trial the judgment was against *597 him. TRe case was taken to the circuit court, and upon a trial de novo it was reversed, and there was judgment for defendant Reams, for the sum due on' the note, except the usury admitted.
The plaintiff then filed this hill for relief against the alleged usury, charging the same facts which are stated in his petition. The defendant’s answer is, in substance, the same as his answer to the petition; and he insists that the petition and answer in the trial at law, is a bar to the present suit in equity for the same matter.
Oourts of law and equity have a concurrent jurisdiction of the subject of usury, and give the same equitable remedy; that is, remedy for the usury, and no further. 1 Story Eq. Jur., § 302. Act of 1835, ch. 50. And, therefore, upon principle, the court which first has possession of the matter must; finally conclude it by its judgment, subject to revision as in other cases. And so it was held by this court, that after a trial at law, a court of equity will not entertain a bill for relief against usury, except in special cases, where on account of the complicated and embarrassed state of facts in which the usury originated and consists, the remedy at law was inefficient and inadequate for its redress. McKoin vs. Cooly, 3 Humph., 561. Frierson vs. Moody, 3 Humph., R., 565.
But this rule of decision was changed by the act of 1844, ch. 167, which declares in effect, that in usury cases, courts of equity shall entertain jurisdiction and give relief. Notwithstanding there was a trial at law, and defendant failed to make his defense; or, having-made it, “failed for want of proof.”
*598 The effect of this statute is simply this, that after a trial at law on the question of usury, the party might have a second trial in equity upon the same matter. And so, the decision of a court of competent jurisdiction was no longer conclusive in a > case of usury, and the expense and delay of the litigation were increased and extended by another suit and another trial in another form, whose mode of' procedure was supposed to be inore adequate to give the desired relief.
Cases of usury are often involved in a series of transactions of a complicated nature difficult of proof, or known only to the parties themselves; and so, the remedy at law must “fail for want of proof.” The proof is to be found only in the discovery of the usurer himself. This, a court of law, in its mode of procedure, had no power to enforce; and hence, the statute permits the injured party to institute a new proceeding in equity, where the usurer may be examined on oath, and compelled to supply the proof, for want of which there was a failure of justice in the trial at law. Such was the reason of the statute, and such its anxiety to furnish an adequate and effective remedy for an injury which it deemed so odious.
But now, it is provided by a subsequent .statute, (1850, ch. 53,) that this discovery may be had in the proceeding at law, by petition, stating the case and propounding interrogatories; to which the other party is bound to make answer and discovery in the same manner as in the case of a “bill of discovery in aid of a suit at law.”
The statute supplied the only defect that existed in the remedy at law, and where a discovery has been *599 obtained at law under its provisions, it is no longer necessary to go into equity to obtain it. And we think, it clear, upon reason and principle, that in such case a court of equity has no jurisdiction. The matter has become res jiodieata by the proceeding at law, and therefore a trial in equity would be a mere repetition of the trial at law, upon the same discovery and the same facts, and the decision must of course be the same.
"We may observe, however, that if the injured party fail to make his defense against the usury in the trial at law, he is not concluded by the judgment, but may make it in equity in his own suit; for that is expressly permitted by the act of 1844, ch. 167, before referred to.
Mow, in the present case, the defense of usury was made in the trial at law, aided by the defendant’s discovery in his answer to the plaintiff’s petition, and therefore the judgment at law is to be considered, upon reason and principle, as conclusive upon the matter in dispute.
The decree of the chancellor, dismissing the bill, will be affirmed.